**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4826**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ALVIN KEON ANDERSON, a/k/a Muscle,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00082-HEH-1)

Submitted:  August 26, 2010          Decided:  September 15, 2010

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Brian Donnelly, PRICE, PERKINS, LARKEN & DONNELLY, Virginia Beach, Virginia, for Appellant. Neil H. MacBride, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Keon Anderson pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Anderson to ninety-six months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Anderson challenges the district court's imposition of a departure sentence pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.3 (2009). We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, this court considers the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variation from the Guidelines range." Id.

Anderson argues that the district court erred in finding that he had committed a crime, for which he was previously acquitted by a jury, by a preponderance of the evidence. Under U.S.S.G. § 4A1.3(a)(1), a district court may depart upward if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." In deciding whether to depart under this provision, the court may consider prior similar adult conduct not resulting in a criminal conviction. U.S.S.G. § 4A1.3(a)(2)(E). Moreover, "[p]reponderance of the evidence is the appropriate standard of proof for sentencing purposes." United States v. Grubbs, 585 F.3d 793, 803 (4th Cir. 2009), cert. denied, 130 S. Ct. 1923 (2010). We have thoroughly reviewed the record and conclude that the district court's decision to upwardly depart was based on the proper criteria set forth in § 4A1.3, the district court properly found the conduct that formed the basis of the departure by a preponderance of the evidence, and the extent of the departure is reasonable and supported.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED